UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KELLY B.,[1]

        Plaintiff,

   v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 3:22-cv-00449-MK

**OPINION AND ORDER**

KASUBHAI, Magistrate Judge:

    Plaintiff Kelly B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits (DIB) and social security income (SSI) under Titles II and Title XVI of the Social Security Act (the "Act"). The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

to enter final order and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 7.

The Commissioner concedes error and has moved to remand the case for further administrative proceedings (ECF No. 18). For the reasons below, the Commissioner's Motion to Remand is DENIED, and this case is REVERSED and REMANDED for an immediate payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed his applications for SSI and DIB on April 29, 2019, alleging disability as of January 31, 2014.[2] Tr. 13; 201. His applications were denied initially and upon reconsideration. Tr. 13. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on December 14, 2020. Tr. 27-48, 156–160. At the hearing, Plaintiff amended his alleged onset date to March 29, 2018. Tr. 32. On February 5, 2021, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 10–26. The Appeals Council denied Plaintiff's request for review on January 25, 2022. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Born in 1968, Plaintiff was 50 years old on his alleged onset date. Tr. 32, 201. He is a high school graduate and has past work experience as an automobile mechanic. Tr. 225. Plaintiff alleged disability based on a broken shoulder, chronic pain, depression, and back injury. Tr. 223.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v.*

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 12-1.

*Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§

Page 3 — OPINION AND ORDER

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the amended alleged onset date of March 29, 2018. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease of the right shoulder status-post arthroscopic repair, fracture of the

right ankle status-post open reduction/internal fixation repair, and degenerative disc disease of the lumbar spine." Tr. 16. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id*. The ALJ then assessed Plaintiff's RFC and found Plaintiff was capable of performing light work with the following limitations:

> He can stand and/or walk up to six hours, and can sit six hours, in an eight-hour workday. He can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. With regard to his dominant right upper extremity, he can occasionally reach overhead and can frequently reach in other directions.

Tr. 16.

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. Tr. 19. At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that a significant number of jobs existed in the national economy which Plaintiff could perform despite his limitations, including storage facility rental clerk, marker, and bench assembler. Tr. 20. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 21.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective testimony; and (2) failing to properly incorporate the medical opinions of the state agency medical consultants into Plaintiff's RFC. The Commissioner concedes that the ALJ committed harmful error by failing to properly incorporate the medical evidence into Plaintiff's RFC, but argues that further administrative proceedings are necessary to develop the record by formulating a corrected RFC and taking new testimony from a vocational expert. Def.'s Br., ECF No. 18, at 2. Plaintiff argues, on the contrary, that remand for further

proceedings is not appropriate because the record has been fully developed, and asks this court to remand for payment of benefits. Pl.'s Reply, ECF No. 20.

I.     **Subjective Symptom Testimony**

Plaintiff first argues that the ALJ improperly rejected his subjective symptom testimony. A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[3] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be

---

[3] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however,

discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

At the administrative hearing, Plaintiff testified that he has not worked during the relevant period and was unable to work due to his combined impairments. Tr. 34. Plaintiff is right-handed and testified that his primary impediment to working is that he struggles to move his right arm in various directions. *Id.* Plaintiff stated that the highest he can reach with his right arm is counter-top level. Tr. 36. Plaintiff also testified that he can sometimes clean, grocery shop, and microwave food to eat, but that he suffers from "pretty constant" pain in his shoulder. Tr. 35, 37–38.

The ALJ rejected Plaintiff's testimony as unreliable and proceeded to summarize the medical evidence. Tr. 17-18. The ALJ noted, for example, that Plaintiff showed "[f]ull range of motion" in his arms and legs "with good muscle tone and strength" on a physical examination performed December 15, 2019. Tr. 18, 657. A treatment note dated February 4, 2020, showed that Plaintiff exhibited intact muscle strength and reported "doing great" to his medical provider. Tr. 943. Following ankle surgery, Plaintiff told his doctor that physical therapy was helpful and that he was able to take his "road motorcycle out for a drive … without issue." Tr. 18, 943. The ALJ also noted that Plaintiff underwent arthroscopic debridement and decompression of his right shoulder in November 2020 and that "[t]here is no evidence of surgical complications, and no evidence that [Plaintiff] is not expected to heal from his surgery." Tr. 17.

As an initial matter, the ALJ did not provide reasoning or connect his findings to specific inconsistencies between Plaintiff's testimony and the medical evidence. See tr. 17-18. In the Ninth Circuit, it is "not sufficient for the ALJ to make only general findings; he must state which

pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d, 918. This Court recognizes the ALJ did discuss medical evidence in a way that suggested Plaintiff's conditions improved with treatment. A claimant's improvement with treatment "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. § 416.929(c)(3) [SSI] 20 C.F.R. § 404.1529(c)(3) [DIB]. For example, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Symptom improvement, however, must be weighed within the context of an "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods . . . are not inconsistent with disability.").

      Here, the medical evidence of improvement adduced by the ALJ does not constitute a legally sufficient reason for rejecting Plaintiff's testimony. Plaintiff alleged disability primarily due to his shoulder injury, pain, and inability to use his dominant right arm. Yet the majority of the ALJ's analysis of Plaintiff's testimony focused on treatment notes regarding Plaintiff's recovery from a right ankle trimalleolar fracture sustained in 2019; as well as treatment notes related to Plaintiff's spine impairment. Tr. 17-18. Further, in the same treatment note cited by the ALJ in which Plaintiff reported "doing great," Plaintiff's provider noted that he should continue with physical therapy and wearing a boot following his ankle fracture. Tr. 943. Symptom improvement must be weighed within the context of an "overall diagnostic picture." *Holohan*, 246 F.3d at 1205. Taken in context, Plaintiff's self-report of "doing great" refers to Plaintiff's state of recovery from his ankle injury, and not as a general statement of his overall physical health.

Page 9 — OPINION AND ORDER

Finally, there is no contradiction between the ALJ's contention that "[t]here is no … evidence that [Plaintiff] is not expected to heal from his shoulder surgery" and Plaintiff's allegations of disabling symptoms. Plaintiff underwent shoulder replacement surgery and repair on November 10, 2020, for a partial rotator cuff tear, post-traumatic arthrofibrosis, and spinal stenosis. Tr. 32. At the administrative hearing, he testified that his providers did not expect him to attain full function after recovery, and that the surgery was merely intended to affect a reduction of Plaintiff's pain "to be more tolerable." Tr. 35, 1069-73. On this record, it does not reasonably follow from the fact that Plaintiff would likely heal from surgery that his issues with functionality and chronic shoulder pain would be fully resolved. See *Holohan,* 246 F.3d at 1205.

In sum, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony. The ALJ's rejection of Plaintiff's testimony was therefore error.

## II.  State Agency Medical Consultant Opinions

Plaintiff next argues, and the Commissioner concedes, that the ALJ failed to properly incorporate the opinion of the state agency medical consultants into the RFC. Here, state agency medical consultants Susan Johnson, M.D., and William Harrison, M.D., opined that Plaintiff is restricted to occasional reaching laterally and overhead with his right arm. Tr. 58–59; 92–94. Dr. Johnson found Plaintiff's ability to reach in any direction limited, particularly "right in front and/or laterally" and "right overhead." Tr. 58. She explained in her comments that Plaintiff was "limited to occ R OH and Lat. Reach d/t R shoulder DJD." Tr. 59. Dr. Harrison came to the same conclusion about Plaintiff's reaching limitations, noting that "[s]tooping, crouching, and overhead and lateral reaching with the right arm can occasionally be performed." Tr. 94. The ALJ purported to adopt these opinions but failed to include a restriction on occasional reaching in Plaintiff's RFC. This was error.

The Commissioner argues that a remand for further proceedings is nevertheless appropriate in order to develop the record by reevaluating the state agency medical consultants' opinions, reformulating Plaintiff's RFC, and obtaining vocational expert testimony as necessary. For reasons discussed below, and because the ALJ also improperly rejected Plaintiff's testimony, the court rejects the Commissioner's argument and finds that remand for benefits is the appropriate remedy in this case.

## III.    Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the

claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

Here, the first requirement is met because the parties agree that the ALJ's decision is not supported by substantial evidence in the record because the ALJ erroneously omitted the medical consultants' reaching limitation from the RFC. Further, as discussed above, the ALJ improperly rejected Plaintiff's subjective symptoms testimony. *Dominguez*, 808 F.3d, 407.

As to the second requirement, the Ninth Circuit has held that remanding for further proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the Commissioner asserts that the record had not been fully developed because the hypothetical posed to the vocational expert ("VE") was incomplete. The Commissioner argues that the hypothetical did not reflect the restrictions imposed by the medical evaluations which limited Plaintiff to "occasional" reaching in various directions. The Court disagrees. The ALJ and the VE had the following exchange at Plaintiff's hearing:

> Q [ALJ]: I'd like to add a further limitation and that is again with regards to the dominant upper extremity. It would be further limited to no more than occasional reaching in all directions. Would there remain any work at the light level that could be performed in your experience?
>
> A [VE]: No. There would not be. All the jobs that we would be looking would require some kind of reach, and certainly at the frequent level because we would be looking at bilateral right-hand movements. So, that would preclude all occupations.
>
> Q [ALJ]: And so, that would preclude all light work?
>
> A [VE]: It would.

Page 12 — OPINION AND ORDER

Tr. 44–45. The hypothetical posed to the VE in this exchange reflected the restrictions imposed by Drs. Johnson and Harrison, and the VE testified that a claimant with these limitations would be unable to perform any available jobs. Tr. 45. The record has therefore been developed regarding Plaintiff's ability to work in light of the improperly rejected medical opinion evidence. When Plaintiff's improperly rejected testimony is also considered, the record is clearly developed as to Plaintiff's inability to perform substantial gainful activity. As to the third criterion, then, if the improperly rejected evidence is credited as true, the ALJ would be required to find Plaintiff disabled on remand. *Dominguez*, 808 F.3d, 407.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021. Accordingly, the Court exercises its discretion and remands this case for an immediate calculation and payment of benefits.

//

//

//

//

## CONCLUSION

The Commissioner's Motion to Remand (ECF No. 18) is DENIED and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this <u>12th</u> day of May 2023.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
